**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| Jeff Bartels, | ) | |
| | ) | |
| Plaintiff, | ) | Case No.: 1:23-cv-00439 |
| v. | ) | |
| | ) | Hon. Judge Elaine E. Bucklo |
| The Partnerships and Unincorporated | ) | |
| Associations Identified on Schedule A, | ) | Mag. Judge Young B. Kim |
| | ) | |
| | ) | |
| Defendants. | ) | |

**Motion for Extension of Time**

**NOW COMES** defendant SunSmoon ("Defendant"), by and through their undersigned counsel, and hereby request an extension of time to respond to the Complaint, stating as follows:

1. Plaintiff filed its Complaint on January 24, 2023. [Dkt. 1].

2. Defendant was ostensibly served with process on February 14, 2023. [Dkt. 23].

3. Defendant has been substantively and quantifiably involved in settlement discussions with Plaintiff.

4. Defendant needs a short additional time to explore, which the parties are doing in good faith, or exhaust the prospect thereof and respond to Plaintiff's Complaint.

5. This Court may, for good cause, extend the time by which Defendant's responses are due after the time has expired if Defendant failed to act because of excusable neglect. Fed. R. Civ. P. 6(b)(1)(B). "[U]nder Rule 6(b)(1) as interpreted by case law, the term "good cause" imposes a light burden." McCann v. Cullinan, 2015 WL 4254226, at * 10 (N.D. Ill 2015), *citing*, 1 Moore's Federal Practice § 6.06 [2] p. 632 (Matthew Bender 3d ed. 2013); *See also*, Sec. Ins. Co. of Hartford v. Schipporeit, Inc., 69 F.3d 1377, 1381 (7th Cir. 1995), *citing*, C.K.S. Eng'rs, Inc. v. White Mountain Gypsum Co., 726 F.2d 1202, 1205 (7th Cir. 1984) ("[I]t is the policy of [the

Seventh Circuit] to favor trials on the merits over default judgments."); Anderson v. Stanco Sports Library, Inc., 52 F.R.D. 108, 109 (D. S.C. 1971) (granting defendants' motion for an extension arguing that "judgment by default has not been entered. It is not contended that plaintiff would be prejudiced by the answer of the defendant and trial upon the merits. On the other hand, to enter default would deprive defendant of its day in court and preclude just determination of the question of liability.").

6. Defendant respectfully requests this Court extend the date on which Defendant is to have filed response(s) to Plaintiff's Complaint, if ultimately necessary, to April 10, 2023.

7. This Motion has been filed in good faith and is not interposed for purposes of delay.

8. This is the first motion for an extension filed by Defendant in this case.

9. On March 13, 2023, Defendant requested whether Plaintiff would oppose Defendant's requested extension. As of the filing of this motion, Plaintiff has not expressed whether it opposes Defendant's requested extension.

**WHEREFORE**, Defendant prays that the Court will enter an order:

a) extending the time for Defendants to respond to Plaintiff's Complaint until April 10, 2023.

Dated this March 20, 2023

Respectfully Submitted,

/s/Brian M. Swift
Brian M. Swift
AU LLC
564 W. Randolph St. 2nd Floor
Chicago, IL 60661
(312) 715-7312
(312) 646-2501 (fax)
Brians@au-llc.com
*Counsel for Defendant*